UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JOMAN SAYEGH, Administrator of the Estate of George Demian, <br><br> Plaintiff, <br><br> v. <br><br> THE RAYMOND CORPORATION, <br><br> WERRES CORPORATION, <br><br> PAUL WILLAERT, <br><br> & <br><br> JOHN DOE, <br><br> Defendants. | ) ) ) ) ) ) ) Case No. 7:15-cv-00688 ) ) ) ) ) ) ) ) ) ) ) ) |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant Werres Corporation ("Werres") hereby removes the above-captioned action from the Circuit Court for the City of Roanoke, Virginia, to the United States District Court for the Western District of Virginia.  Removal is warranted under 28 U.S.C. § 1441 because this is a diversity action over which this Court has original jurisdiction under 28 U.S.C. § 1332.  In support of this Notice of Removal, Defendant states the following:

1. Plaintiff Joman Sayegh, Administrator of the Estate of George Demian ("Plaintiff") commenced this action titled *Joman Sayegh, Administrator of the Estate of George Demian v. The Raymond Corporation, et al.*, Case Number CL15-001749-00 by filing a Complaint with the Circuit Court for the City of Roanoke, Virginia.  *See* Complaint (Ex. A).

2. Plaintiff has also filed its first set of interrogatories in state court, a copy of which is attached as Exhibit B.  A copy of the docket sheet from the state court case is attached as Exhibit C.  No other pleadings have been filed in the State Court as of the time of filing this Notice of Removal.

3. This action involves allegations regarding a lift truck allegedly purchased from and maintained by Werres.  Plaintiff alleges breach of warranty, negligent design, products liability, failure to warn and willful and wanton conduct causes of action and seeks damages for pain and suffering, death, disfigurement, mental anguish, loss of solace, loss of income and services, and medical and funeral expenses.  *See* Complaint (Ex. A).

4. As more fully set forth below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because Werres has satisfied the procedural requirements for removal and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.

**I.   THE PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED.**

5. Defendant Werres was served first with the Complaint, via its registered agent, on December 2, 2015.  *See* Summons (Ex. A).  Because this Notice is being filed within 30 days of service of the initial pleading upon Werres, it is timely under 28 U.S.C. § 1446(b).

6. Pursuant to 28 U.S.C. § 1446(a), the United States District Court for the Western District of Virginia is the appropriate court for filing a Notice of Removal from the Circuit Court for the City of Roanoke, Virginia, where Plaintiff filed this action.  *See* 28 U.S.C. § 127(b).

7. No previous request has been made for the relief requested herein.

8. The Co-Defendant, The Raymond Corporation, has not yet been served.

9. Co-defendant, Paul Willaert was served by posted service on December 10, 2015.  Willaert who is fraudulently joined need not join in the removal.  *See Logan v. Boddie-Noell*

*Enterprises, Inc.,* 834 F.Supp.2d 484, 487 (W.D. Va. 2011); *see also Miller v. R.J. Reynolds Tobacco Co., Inc.*, 502 F. Supp. 2d 1265, 1268, 2007 WL 2399184 (S.D. Fla. 2007) (citing *McKinney v. Rodney C. Hunt Co.,* 464 F.Supp. 59, 62 (W.D. N.C. 1978)).  Because the final named defendant "John Doe" is fraudulently joined, he need not consent to removal, and given that he is not identified by Plaintiff, has not been served, and is not known if he even exists, he cannot be made to join herein nor can any consent be obtained from John Doe.

10.     Pursuant to 28 U.S.C. § 1446(d), Werres will give Plaintiff written notice of the filing of this Notice of Removal, and Werres is filing with the Clerk of the Circuit Court for the City of Roanoke, Virginia, a copy of said notice. ( A copy of the Notice of Filing of Notice of Removal that is being given to all adverse parties and being filed with said Clerk is attached as Exhibit D).

### II.  REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441.

11.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because this is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest, and is between citizens of different states.

#### A. THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED.

12.     In the Complaint, Plaintiff alleges a specific amount of damages "in the sum of ten million dollars in compensatory damages, pre- and post-judgment interest, and costs expended and three hundred fifty thousand dollars each, in punitive damages."  *See* Complaint (Ex. A).

#### B. THERE IS COMPLETE DIVERSITY OF CITIZENSHIP AS BETWEEN PLAINTIFF AND THE PROPERLY JOINED DEFENDANTS.

13.     There is complete diversity between Plaintiff and the properly joined Defendant Werres.

14. Based on the allegations of the Complaint, Defendant is informed and believes that Plaintiff is and was a citizen of Virginia, residing in Roanoke, Virginia. *See* Complaint at ¶ 2 (Ex. A).

15. Werres is a corporation organized under the laws of the State of Delaware with its principal place of business in Maryland and, therefore, is a citizen of Maryland for purposes of determining diversity of citizenship. 28 U.S.C. § 1332(c)(1); s*ee also* Complaint at ¶ 5 (Ex. A).

16. The Raymond Corporation is a corporation under the laws of the State of New York, with its principal place of business in New York and, therefore, is a citizen of New York for purposes of determining diversity of citizenship. 28 U.S.C. § 1332(c)(1); s*ee also* Complaint at ¶ 4 (Ex. A).

17. Upon information and belief, Paul Willaert is a resident of Virginia. However, because Paul Willaert is fraudulently joined in this lawsuit, his citizenship must be ignored in determining the propriety of removal. *See, e.g., Logan*, 834 F.Supp.2d at 487; *see, also*, *Miller*, 502 F.Supp.2d at 1268. As a result, 28 U.S.C. § 1441(b) does not prohibit removal of this action to this Court. The Defendant John Doe is unknown. However, like Defendant Paul Willaert, his joinder is fraudulent and his citizenship must likewise be ignored.

C. **BECAUSE PLAINTIFF CANNOT SUSTAIN HIS CAUSES OF ACTION AGAINST PAUL WILLAERT AND JOHN DOE, THEY ARE FRAUDULENTLY JOINED AND THEIR CITIZENSHIP SHOULD BE DISREGARDED.**

18. It is well established that an exception to the complete diversity requirement are cases in which a non-diverse party has been fraudulently joined. *See Linnin v. Michielsons*, 372 F.Supp.2d 811, 817-818 (E.D. Va. 2005). Specifically, a joinder is deemed fraudulent when there is no possibility that the plaintiff can prove a cause of action against the non-diverse defendant. *Id*.

19.     Paul Willaert and the alleged John Doe are merely alleged salespersons who were allegedly involved with the sale of the subject forklift on behalf of their alleged employer.  They are not in the chain of distribution and had no personal involvement with the design, manufacture, inspection, repair, service, or maintenance of the subject forklift, nor with the sale of it as "sellers" other than allegedly being mere employees of the alleged seller.  Plaintiff fraudulently joined Paul Willaert and John Doe to defeat diversity jurisdiction and, accordingly, their citizenship should be disregarded for purposes of this Notice of Removal.

20.     This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

## DEMAND FOR JURY TRIAL

21.     Werres demands a jury trial on all issues triable by jury.

WHEREFORE, Werres Corporation respectfully removes and requests the removal of this action from the Circuit Court for the City of Roanoke, Virginia, to the United States District Court for the Western District of Virginia, Roanoke Division, pursuant to 28 U.S.C. § 1441. Dated this  23rd day of  December 2015.

                                                               WERRES CORPORATION

                                                               By: /s/ Robert A. Ziogas
                                                                        Of Counsel

Robert A. Ziogas, Esq. (VSB #24964)
Email: rziogas@glennfeldmann.com
Paul G. Beers, Esq. (VSB #26725)
Email: pbeers@glennfeldmann.com
Glenn, Feldmann, Darby & Goodlatte
37 Campbell Avenue, S.W. (24011)
P. O. Box 2887
Roanoke, Virginia  24001-2887
Telephone:     (540) 224-8000
Facsimile:     (540) 224-8050
Counsel for Werres Corporation

Raymond D. Jamieson, Esq. (Wisconsin Bar # 1027076)
Email:  Raymond.Jamieson@quarles.com
Patrick W. Schmidt, Esq. (Wisconsin Bar # 1016367)
Email: Patrick.Schmidt@quarles.com
Steven M. DeVougas, Esq. (Wisconsin Bar # 1056805)
Email: Steven.DeVougas@quarles.com
411 E. Wisconsin Avenue, Suite 2350
Milwaukee, Wisconsin 53202-4426
Telephone:     (414) 277-5375
Facsimile:     (414) 978-8895

*Co-Counsel for Werres Corporation

*Not Admitted in Virginia. Motion to Admit *Pro Hac Vice* is forthcoming.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing Notice of Removal has been served by e-mail and hand delivery on  D. Adam McKelvey, Esq., at dmckelvey@crandalllaw.com, Crandall & Katt, 366 Elm Avenue, S.W., Roanoke, Virginia 24016 (Counsel for Plaintiff), this 23rd day of December, 2015.

/s/ Robert A. Ziogas
Robert A. Ziogas